IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION

**UNITED STATES OF AMERICA**                                                                     **PLAINTIFF**

v.                                   **Case No. 4:22-cr-40002-002**

**LATRACE CORNELIUS**                                                             **DEFENDANT**

## O R D E R

**BEFORE** the Court is the Motion to Modify the Court's prior Order on Conditions of Pre-trial Release. ECF No. 34. Defendant was originally released pending trial on November 23, 2021. ECF No. 13. The original conditions of release were amended by this Court's Order on March 10, 2022, to include a curfew restriction and location monitoring. ECF No. 27. Defendant requests modification of her current conditions of release. The Government has responded to the Motion and objects to the requested modification. ECF No. 37. This Motion has been referred to the undersigned for decision. ECF No. 35. The Court finds no hearing is necessary and for the reasons below **DENIES** the Motion to Modify Conditions of Release.

Defendant was originally placed in the third-party custody of her grandmother, Essie Gray, in Texarkana, Arkansas and placed on home detention. ECF No. 13. In its Order of March 11, 2022, the Court amended the requirement of home detention to one of curfew and restricted Defendant to her residence between the hours of 12:00 a.m. to 7:00 a.m. ECF No. 27. Further, Defendant was ordered to submit to a location monitoring program as directed by the United States Probation Officer ("USPO") and comply with all the program rules and requirements. Defendant was required to pay for all or part of the program of location monitoring, based on her ability to pay, as determined by the United States Probation Office.

With the instant Motion Defendant requests:

1. The Court allow Defendant, to move from the residence of her grandmother to an apartment located nearby, in Texarkana, Arkansas, in order that she might receive overnight visitation with her minor children, which is currently not permitted due to the lack of a bed/bedroom for the children at her grandmother's home. Defendant would reside with her husband and co-defendant Ajene Rashodd Cornelius, at that apartment; and

2. Defendant no longer be subject to the curfew requirement in order to allow her to engage in overnight assignments available through her employer, a home health agency.

The Government objects to these requests. Specifically, the Government maintains the curfew and electronic monitoring conditions remain essential to assure the safety of the community in this case, as Defendant is charged with drug trafficking in the community. Further, the Government objects to the Defendant and co-defendant Ajene Rashodd Cornelius residing together, primarily because of Ajene Rashodd Cornelius's violation of the terms of his pretrial release by using cocaine in June 2022.

The Court has discussed this matter with the USPO supervising these defendants. The recommendation of the USPO is that the Defendants should continue to reside separately, and Defendant Latrace Cornelius continue to be subject to a curfew and location monitoring.

The Court has considered the Motion, the Response, and its prior findings at the Detention hearing (ECF No. 13), and the proposed modification by Defendant Latrace Cornelius would undermine the conditions previously imposed and not provide for the safety of the community. Accordingly, the Motion to Modify (ECF No. 34) is **DENIED**.

**SIGNED** this **3rd day of August 2022.**

/s/ *Barry A. Bryant*
HON. BARRY A. BRYANT
U.S. MAGISTRATE JUDGE